*188 GREEN WELL recovered a judgment in the Franklin circuit court, against Edwards, Head and Fenwick* *189 Edwards filed his bill in chancery, and injoined this judgment ; and executed the usual release of errors, which bears date on the 12th day of December 1806. The injunction was at the next term dissolved by consent ; and on the 1st day of August 1807, an execution issued against Edwards, Head and Fenwick, on the common law judgment, in favor of Greenwell. On the 7th of that month, a replevy bond was given by Edwards and Head, with Voorhies their security. A writ of error coram vobis was sued out, and a supersedeas obtained. The form of the replevy bond, as far as it was excepted to, is correctly recited in the assignment of error, on which the supersedeas was granted.
If the enors aiTigned on a writ of error co-ram vobis be 0-verruled, ten fer cent, damage may be awarded to the defendant.
See fame point decided in the cafe of Lanjdaie vs. Findley ¡ ante 51'
It was as follows : “ The replevy bond returned by the sheriff, which purports to have been taken by virtue of the said execution, is erroneous and illegal in this, to wit: The said replevy bond was only executed hy Edwards and Head, as principal obligors, with Voorhies as their security, although the condition thereof recites that the execution had been levied on the estate of Edwards, Head and Fenwick, and erroneously states that Edwards, Head and Voorhies had prayed a replevin, which was granted them, and their estate restored, although the previous part of the condition had recited that the execution had been levied on the estate of Edwards, Head and Fenwick ; so that it cannot judicially appear that the estate of Fenwick, so levied by virtue of the said execution, was restored to him, the said Fen-wick, upon the execution of the said bond, a requisition which is made indispensable by the act of assembly.”
The inferior court adjudged the errors assigned not sufficient to quash the replevy bond, &c. and entered judgment overruling them, and for ten per cent, damages and costs to the defendant in error.
A transcript of the record was.procured, and the following errors assigned :
1st. The inferior court erredin overruling the errors assigned in the writ of error caram vobis, when they should have adjudged them, or some of them, to be valid, and sufficient to authorise the quashal of the replevy bond therein mentioned.
2d. The inferior court have; erroneously awarded ten per cent, damages against the plaintiff in the said writ of error $ such awards of damages nett being, authorised *190 by the act of assembly, unless the judgment or decree to reverse which the writ of error is sued out, be affirmed, or the writ dismissed or discontinued; neither of which was done in the present case.
A motion for a supersedeas was made, and argued by Talbot, for the plaintiff; and Allen, for the defendant in error.--The court overruled the motion.*

 In the argument of the caufe of Faught vs. Byrne, (fee pojl ) the above cafe was referred to. ' '
Jvrge Trimble, after delivering the written opinion of the court, obfer-ved, that in the cafe of Edwards vs. Greenwell, it was fettled that one of federal defendants might replevy. But that it had no bearing on t^ie cafe juft decided, See the cafe of Skinner, &c. vs. Robinfon, ante 4.